WO                IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ANDREW EICHORST,　　　　　　　　）
　　　　　　　　　　　　　　　　　　）
　　　　　　　　　Plaintiff,　　　　）
　　　　　　　　　　　　　　　　　　）
　　vs.　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）
UNITED STATES OF AMERICA,　　　　）
　　　　　　　　　　　　　　　　　　）　　No. 3:17-cv-0098-HRH
　　　　　　　　　Defendant.　　　　）
_____)

O R D E R

Motion for Partial Summary Judgment

Defendant moves for partial summary judgment and seeks the dismissal of plaintiff's personal injury claims for lack of subject matter jurisdiction.[1] This motion is opposed.[2] Oral argument was not requested and is not deemed necessary.

Facts

Plaintiff is Andrew Eichorst. Defendant is the United States of America.

In May 2015, plaintiff was injured in a motor vehicle accident when his vehicle was struck by Joshua Moore, who was a member of the United States Air Force and who was on

---

[1]Docket No. 26. Jurisdiction as to plaintiff's claims for property damage is not contested.

[2]Docket No. 34.

-1-

duty at the time of the accident. Plaintiff testified that at the time of the accident he was employed by Pratt and Whitney as an engine mechanic, working on F119 engines which are used in F22 fighter jets.[3] Plaintiff further testified that when the accident occurred, he was on his way to "an engine tear down class which was held on JBER" and that he was driving his own vehicle.[4] Plaintiff testified that he received worker's compensation benefits after the accident.[5]

Plaintiff commenced this Federal Tort Claims Act (FTCA) case on May 2, 2017. Defendant now moves to dismiss plaintiff's personal injury claims on the ground that the court lacks subject matter jurisdiction.[6]

## Discussion

Although defendant has titled the instant motion as a motion for partial summary judgment, the motion is in fact a Rule 12(b)(1) motion and is treated as such by the court. "A party may move at any time to dismiss a complaint for lack of subject matter jurisdiction." Rubenstein v. Smith, 132 F. Supp. 3d 1201, 1203 (C.D. Cal. 2015) (citing Fed. R. Civ. P. 12(b)(1), (h)(3)). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air

---

[3] Telephonic Deposition of Andrew Eichorst at 9:16-10:7, Exhibit 1, Motion for Partial Summary Judgment, Docket No. 26.

[4] Id. at 22:14-25.

[5] Id. at 20:2-5.

[6] Defendant's motion for leave to file a late motion for summary judgment (after trial was scheduled) was granted. Docket No. 25.

for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. Here, defendant is making a factual attack.

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Id. The court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). However, "a '[j]urisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." Safe Air for Everyone, 373 F.3d at 1039 (quoting Sun Valley Gas, Inc. v. Ernst Enters., 711 F.2d 138, 139 (9th Cir. 1983)). Here, the jurisdictional issue is not intertwined with the substantive issues; so, the court may resolve any factual disputes pertaining to jurisdiction.

As an initial matter, plaintiff argues that the instant motion must be denied because defendant improperly relied on his deposition testimony. This argument fails. The court "may review any evidence" in deciding a Rule 12(b)(1) motion. McCarthy, 850 F.2d at 560 (emphasis added).

Turning then to the substance of the instant motion, defendant argues that the court lacks subject matter jurisdiction of plaintiff's personal injury claims. "As a sovereign, the United States is immune from suit except to the extent that it has unequivocally consented to litigation against itself." LaBarge v. Mariposa County, 798 F.2d 364, 366 (9th Cir. 1986). The FTCA "acts as a waiver of the United States' traditional sovereign immunity for certain torts committed by its employees." Delta Savings Bank v. United States, 265 F.3d 1017, 1024 (9th Cir. 2001). "'The United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances. . . .'" Id. (quoting 28 U.S.C. § 2674). "Furthermore, 'the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, . . . if a private person[] would be liable to the claimant in accordance with the law of the place.'" Id. (quoting 28 U.S.C. § 1346(b)). But, if a private person would be immune from suit, then the United States is also immune from suit. LaBarge, 798 F.2d at 369.

Under Alaska law, "a claim under the Alaska Workers' Compensation Act is the exclusive remedy for an employee's injury." Rosales v. Icicle Seafoods, Inc., 316 P.3d 580, 584 (Alaska 2013). A project owner is also covered by the exclusive liability provisions of the Alaska Workers' Compensation Act. Anderson v. Alyeska Pipeline Service Co., 234 P.3d 1282, 1288 (Alaska 2010). "'[P]roject owner' means a person who, in the course of the person's business, engages the services of a contractor and who enjoys the beneficial use of the work[.]" AS 23.30.045(f)(2). A "'contractor' means a person who undertakes by

contract performance of certain work for another but does not include a vendor whose primary business is the sale or leasing of tools, equipment, other goods, or property[.]" AS 23.30.045(f)(1).

Defendant argues that it is a project owner under the facts of this case and thus immune from suit. Defendant contends that it contracted with Pratt and Whitney to maintain the Pratt and Whitney F119 engines installed on the F22 fighter jets at JBER. Defendant argues that it "engage[d] the services of a contractor," namely Pratt and Whitney, and that it enjoyed the "beneficial use of the work" performed by Pratt and Whitney. AS 23.30.045(f)(2).

The problem with this argument, according to plaintiff, is that there is absolutely no evidence that defendant had a contract with Pratt and Whitney. Plaintiff acknowledges that it is undisputed that he worked on F119 engines which were installed in F22 fighter jets, but he argues that there is no evidence before the court as to Pratt and Whitney's relationship with defendant. Plaintiff suggests that it is possible that Pratt and Whitney was a vendor, not a contractor, which would mean that defendant could not be a project owner. AS 23.30.045(f)(1) expressly excludes "a vendor whose primary business is the sale or leasing of tools, equipment, other goods, or property" from the definition of a "contractor."

Plaintiff also suggests that it is possible that Pratt and Whitney had a contract with an entity other than defendant, and while a subcontractor is covered by the exclusivity provision in the Alaska Workers' Compensation Act, it is possible that Pratt and Whitney would not

be considered a subcontractor. Plaintiff cites to Morrison v. United States, Case No. 4:15-CV-00014 JWS, 2017 WL 3251392 (D. Alaska July 30, 2017), in support of this argument. There, Morrison "work[ed] for Pacific Alaska Freightways (PAF) as a commercial delivery driver and was assigned to make a delivery to Iceman Outfitters, a store within the confines of Eielson Air Force Base. . . ." Id. at *1. Morrison was injured while making the delivery and brought a FTCA claim against the United States. Id. The Government moved to dismiss Morrison's claim, arguing that it was a project owner and thus would be immune from suit under the exclusivity provision of the Alaska Workers' Compensation Act. Id. at *2. The Government argued that PAF was a subcontractor of Iceman Outfitters, which it argued was a contractor. Id. The court observed that

> [i]f Iceman Outfitters is indeed a contractor of the Government, and PAF is a subcontractor of Iceman Outfitters, then both Iceman Outfitters, as the primary contractor, and the Government, as the project owner, would be potentially liable for securing workers compensation for PAF's employees under § 23.30.045 and in turn would be immune from any tort suit.

Id. at *3. The court, however, concluded that PAF was not a subcontractor of Iceman Outfitters "because PAF was not contracting to do a part of Iceman's business. . . ." Id. The court explained that

> some examples of [Iceman Outfitters'] obligations under [its] contract [with the Government] include the following: provide and operate an on-base store; set competitive pricing; keep certain hours; use the Government Purchase Card for customer billing; provide employee and sales reports; use certain quality control and audit procedures; and maintain the facilities in good repair.

Id. But, PAF "is a freight hauling and delivery service" and "[s]hipping freight is not a listed obligation" of Iceman Outfitters. Id. Thus, the court found that PAF could not be a subcontractor of Iceman Outfitters. Id. at *4. Because PAF was not a subcontractor, the United States could not be a project owner for purposes of the Alaska Workers' Compensation Act. Id.

Plaintiff argues that similarly here Pratt and Whitney could have contracted with an entity other than defendant and could have been doing work that was not part of that entity's contract with defendant. In other words, plaintiff argues that if Pratt and Whitney did not have a direct contract with defendant, it is possible that Pratt and Whitney was also not a subcontractor, which would mean that defendant might not be a project owner for purposes of the Alaska Workers' Compensation Act.

In reply, defendant argues that plaintiff has not offered any evidence to support his suggestions that Pratt and Whitney might be a vendor or might not be a subcontractor. Defendant reminds plaintiff that he has "the burden of establishing subject matter jurisdiction. . . ." In re Dynamic Random Access Memory (DRAM) Antitrust Litig., 546 F.3d 981, 984 (9th Cir. 2008). But by the same token, defendant has not offered any evidence that establishes that Pratt and Whitney was a contractor or a subcontractor at the time of plaintiff's accident. The deposition testimony on which defendant relies says nothing about what Pratt and Whitney's relationship was with defendant. All it establishes is that

plaintiff was employed by Pratt and Whitney and worked on the F119 engines that were installed in F22 fighter jets.

## Conclusion

Defendant's motion for partial summary judgment is denied because the court cannot decide the jurisdictional issue with what is currently before it. The court does not have any evidence before it as to Pratt and Whitney's relationship with defendant, which is critical information for determining whether the court has subject matter jurisdiction of plaintiff's personal injury claims.

DATED at Anchorage, Alaska, this 11th day of February, 2019.

/s/ H. Russel Holland
United States District Judge